UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

    Plaintiff,

v.

Amina Farah Ali,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
Crim. No. 10-187 (01) (MJD)

_____

Jeffrey S. Paulsen, Assistant United States Attorney, Counsel for Plaintiff.

Amith R. Gupta, Counsel for Defendant.

_____

This matter is before the Court on Defendant's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. No. 327.)

**I.  Background**

On October 20, 2011, a jury found Defendant guilty of Conspiracy to Provide Material Support to a Foreign Terrorist Organization and multiple counts of Providing Material Support to a Foreign Terrorist Organization.  On May 16, 2013, Defendant was sentenced to a total term of imprisonment of two hundred and forty (240) months on all counts; 180 months on count 1, and 60 months on counts 2-13 to be served concurrently but consecutive to the sentence

1

imposed for count 1. Defendant was also sentenced to a life term of supervised release.

Defendant is scheduled to be released from the custody of the Bureau of Prisons ("BOP") on November 25, 2029. She is currently confined at FCI Waseca.

Defendant now moves the Court for an Order granting her compassionate release.

## II.     Motion to Reduce Sentence

Pursuant to 18 U.S.C. § 3582(c)(1)(A), the court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. Section 1B1.13,[1] which provides when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" to include the medical condition of the Defendant, age of the Defendant, family circumstances or other extraordinary and compelling reasons.

Section 1B1.13 defines "extraordinary and compelling reasons" due to medical condition as follows:

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

---

[1] At this time, U.S.S.G. Policy Statement § 1B1.13 only refers to motions for release brought by the BOP under 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Commission has not had the opportunity to amend § 1B1.13 to include motions brought by a defendant since the enactment of the First Step Act.  Regardless, this Court as well as other courts in this District and elsewhere have construed § 1B1.13 to apply to motions brought by a defendant under § 3582(c)(1)(A).  See e.g., United States v. Warren, 456 F. Supp.3d 1083, 1085-1086 (D. Minn. 2020) (finding that part of § 1B1.13 that states "Upon motion of the Director of the Bureau of Prisons" was superseded by the First Step Act, and applying factors set forth in § 1B1.13 to motions brought by a defendant under § 3582 (c)(1)(A)).

> (II) suffering from a serious functional or cognitive impairment, or
>
> (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

There is no dispute that Defendant has exhausted her administrative remedies. Accordingly, the Court will proceed to the merits of Defendant's motion.

### III. Discussion

Defendant asserts that she suffers from serious medical conditions that make her highly vulnerable to serious illness or death as a result of the ongoing coronavirus epidemic. Defendant claims she has suffered from tuberculosis since 1987, which resulted in damage to one of her lungs. In addition, she tested positive for COVID-19 in October 2020, and now experiences difficulty in breathing. Given her current medical condition, Defendant claims she is vulnerable to serious complications or death if she becomes reinfected from COVID-19.

The Court notes that at this time, it is not clear whether Defendant could be reinfected with COVID-19. The CDC reports that "[c]ases of reinfection with COVID-19 have been reported, but remain rare." https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (accessed on April 15, 2021).

Defendant's medical records from the BOP confirm that Defendant tested positive for COVID-19 in late September 2020, and as of November 18, 2020, she was still experiencing a cough and sinus congestion. (Doc. No. 333 at 30; Doc. No. 334 at 2.) In addition, her medical history reports "LTBI [latent tuberculosis infection] Prophy Hx Prior to BOP Incarceration" and that she took INH in 1987. (Id. at 12.)

Courts have found that a defendant who suffers from latent tuberculosis has demonstrated extraordinary and compelling reasons warranting relief under § 3582, as those suffering from that condition are subjected to a higher risk of severe illness if infected with COVID-19. See United States v. Atwi, 455 F. Supp. 3d 426, 431 (E.D. Mich. 2020) ("[T]he risks to someone with a co-infection of TB and COVID-19 'are readily apparent,' as both are respiratory diseases that affect the lungs."); United

States v. Johnson, Crim. No. H-96-176, 2020 WL 3618682, at *2 (S.D. Tex. July 2, 2020) (recognizing that persons with latent tuberculosis increases risk of serious complications if infected with COVID-19); United States v. Burke, 4:17-CR-3089, 2020 WL 3000330, at *2 (D. Neb. June 4, 2020) ("Research has yet to conclusively establish the risks associated with either latent tuberculosis or brain injury, but the known pulmonary comorbidities and symptoms of COVID-19 and increasing evidence of vascular complications make those conditions relevant as well."); United States v. Alghaithi, No. CR-16-10430-002-TUC-JGZ (LCK), 2020 WL 6305485 (D. Ariz. Oct. 28, 2020) (same).

The Court thus finds that Defendant has shown extraordinary and compelling reasons due to her medical condition that warrants a reduction to her sentence.

The Court further finds that based on the record before it that Defendant does not pose a danger to the community if released. The BOP assigned Defendant a Minimum Risk Recidivism Level on November 7, 2019, and confirmed that designation on May 19, 2020. (Doc. No. 340.)

While serving her sentence, Defendant has completed a number of educational programs and has obtained her GED. (Doc. No. 330-1, Ex. D.)

Further, the Court finds that a sentence reduction is supported by the factors set forth in 18 U.S.C. § 3553(a). While the counts of conviction are very serious in this case – providing material support to a foreign terrorist organization - the Court nonetheless recognizes the support provided here – approximately $15,000 and shipments of clothing - pales in comparison to other terrorism financing cases in which defendants have been released due to the pandemic.

For example, a defendant convicted of conspiracy and sentenced to five years in prison for providing tens of millions of dollars to Hezbollah, a Lebanon-based terrorist group, was granted compassionate release after serving less than one year of his sentence. United States v. Tajideen, 1:17-cr-046 (D.D.C. May 28, 2020). See also United States v. El-Hanafi, 460 F.Supp.3d 502 (S.D.N.Y. 2020) (granting motion for compassionate release to defendant convicted of conspiracy to provide material support to Al Qaeda in the form of currency, monetary instruments, assistance in computer matters and personnel and sentenced to 180 months); United

States v. Hasanoff, 10-cr-162, 2020 WL 6285308 (S.D.N.Y. Oct. 27, 2020) (co-defendant of El-Hanafi, convicted of conspiracy to provide material support to Al Qaeda in the form of currency, monetary instruments, assistance in computer matters and personnel and sentenced to 216 months, granted motion for compassionate release); United States v. Hassoun, 10-cr-773, (N.D. Ill. July 3, 2020) (defendant convicted of attempted use of a weapon of mass destruction and malicious attempt to destroy or damage a building using an explosive device and sentenced to a 23 year prison term granted early release due to pandemic and fact he would be deported upon release).

Defendant has served nearly eight years of her sentence. A sentence of time served in this case would reflect the seriousness of the offenses of conviction, afford adequate deterrence to criminal conduct, promote respect for the law and provide a just punishment.

Accordingly,

IT IS HEREBY ORDERED:

1. Defendant's Motion for Compassionate Release (Doc No. 327) is **GRANTED;**

2. Defendant's Sentence is reduced to TIME SERVED;

3. All other terms and conditions of this Court's original sentence shall remain in full force and effect;

4. This order is stayed for up to fourteen days for the establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release.  The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made, and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made.  If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended;

5. In addition to the conditions of supervised release previously imposed, the Court orders the following additional conditions:

    a. Defendant shall not possess or use a computer or have access to any on-line service without the prior approval of the U.S. Probation and Pretrial Services Office.  Defendant's cooperation shall include but not be limited to allowing installation of a computer and Internet monitoring program and/or identifying computer systems, Internet-capable devices, and similar memory

    and electronic devices to which Defendant has access. Monitoring may include random examinations of computer systems along with Internet, electronic and media storage devices under Defendant's control. The computer system or devices may be removed for a more thorough examination, if necessary. Defendant shall contribute to the cost of such monitoring services, based on Defendant's ability to pay, as deemed appropriate by the U.S. Probation Office and Pretrial Services Office.

b. Defendant shall provide the probation officer access to any requested financial information, including credit reports, credit card bills, bank statements, and telephone bills.

c. Defendant shall not possess, view, access or otherwise use material that reflects extremist or terrorist views or as deemed to be inappropriate by the U.S. Probation Office.

d. Defendant shall participate in a mental health counseling program as approved by the probation officer. This program may include psychological/psychiatric counseling or treatment, family counseling, and mentor support.

e. Defendant shall submit to periodic polygraph testing at the direction of the probation officer as a means to ensure compliance with the requirements of supervision.

f. Defendant shall reside for a period of up to 90 days in a residential reentry center as approved by the probation officer and shall observe the rules of that facility.

g. Defendant shall participate in a location monitoring program for a period of 180 days. Defendant shall be monitored using global positioning system (GPS) technology. Defendant shall be monitored under the following restrictions:

Defendant is restricted to her residence at all times except for employment; religious services; medical, substance abuse, or mental health treatment; court obligations; or discretionary leave activities as approved by the probation officer.

>Defendant shall not be required to pay the costs of location monitoring.

Date:  April 16, 2021

s/Michael J. Davis<br>Michael J. Davis<br>United States District Court